*383 Dwyer, J.
¶37 (concurring) — I agree that the judgment should be affirmed. I also agree that the crime of animal cruelty in the first degree is an alternative means crime. However, because this court, in State v. Peterson, 174 Wn. App. 828, 301 P.3d 1060 (2013), misidentified the means by which the crime can be committed, and because the majority opinion perpetuates the error, I find it necessary to decline to join the majority opinion.
¶38 In its entirety, former RCW 16.52.205 (2006)[2] reads:
(1)A person is guilty of animal cruelty in the first degree when, except as authorized in law, he or she intentionally (a) inflicts substantial pain on, (b) causes physical injury to, or (c) kills an animal by a means causing undue suffering, or forces a minor to inflict unnecessary pain, injury, or death on an animal.
(2) A person is guilty of animal cruelty in the first degree when, except as authorized by law, he or she, with criminal negligence, starves, dehydrates, or suffocates an animal and as a result causes: (a) Substantial and unjustifiable physical pain that extends for a period sufficient to cause considerable suffering; or (b) death.
(3) A person is guilty of animal cruelty in the first degree when he or she:
(a) Knowingly engages in any sexual conduct or sexual contact with an animal;
(b) Knowingly causes, aids, or abets another person to engage in any sexual conduct or sexual contact with an animal;
(c) Knowingly permits any sexual conduct or sexual contact with an animal to be conducted on any premises under his or her charge or control;
(d) Knowingly engages in, organizes, promotes, conducts, advertises, aids, abets, participates in as an observer, or performs any service in the furtherance of an act involving any sexual conduct or sexual contact with an animal for a commercial or recreational purpose; or
*384 (e) Knowingly photographs or films, for purposes of sexual gratification, a person engaged in a sexual act or sexual contact with an animal.
(4) Animal cruelty in the first degree is a class C felony.
(5) In addition to the penalty imposed in subsection (4) of this section, the court may order that the convicted person do any of the following:
(a) Not harbor or own animals or reside in any household where animals are present;
(b) Participate in appropriate counseling at the defendant’s expense;
(c) Reimburse the animal shelter or humane society for any reasonable costs incurred for the care and maintenance of any animals taken to the animal shelter or humane society as a result of conduct proscribed in subsection (3) of this section.
(6) Nothing in this section may be considered to prohibit accepted animal husbandry practices or accepted veterinary medical practices by a licensed veterinarian or certified veterinary technician.
(7) If the court has reasonable grounds to believe that a violation of this section has occurred, the court may order the seizure of all animals involved in the alleged violation as a condition of bond of a person charged with a violation.
(8) For purposes of this section:
(a) “Animal” means every creature, either alive or dead, other than a human being.
(b) “Sexual conduct” means any touching or fondling by a person, either directly or through clothing, of the sex organs or anus of an animal or any transfer or transmission of semen by the person upon any part of the animal, for the purpose of sexual gratification or arousal of the person.
(c) “Sexual contact” means any contact, however slight, between the mouth, sex organ, or anus of a person and the sex organ or anus of an animal, or any intrusion, however slight, of any part of the body of the person into the sex organ or anus of an animal, or any intrusion of the sex organ or anus of the person into the mouth of the animal, for the purpose of sexual gratification or arousal of the person.
*385 (d) “Photographs” or “films” means the making of a photograph, motion picture film, videotape, digital image, or any other recording, sale, or transmission of the image.
(Emphasis added.)
¶39 This section sets forth a complete statement of the crime of animal cruelty in the first degree. It also unquestionably provides that the offense is one that may be committed by alternative means. But what are those means?
¶40 Case law is helpful to making this determination.
Alternative means crimes are ones that provide that the proscribed criminal conduct may be proved in a variety of ways. As a general rule, such crimes are set forth in a statute stating a single offense, under which are set forth more than one means by which the offense may be committed.
State v. Smith, 159 Wn.2d 778, 784, 154 P.3d 873 (2007).
¶41 This analysis has a logical limitation.
[A] defendant may not simply point to an instruction or statute that is phrased in the disjunctive in order to trigger a substantial evidence review of her conviction. Likewise, where a disputed instruction involves alternatives that may be characterized as a “ ‘means within [a] means,’ ” the constitutional right to a unanimous jury verdict is not implicated and the alternative means doctrine does not apply. In re Pers. Restraint of Jeffries, 110 Wn.2d 326, 339, 752 P.2d 1338 (1988) (refusing to accept defendant’s claim that the jury should be additionally instructed on the subalternatives of the statutory alternatives at issue).
Smith, 159 Wn.2d at 783 (second alteration in original). To be clear, “a ‘means within a means’ scenario does not trigger jury unanimity protections.” Smith, 159 Wn.2d at 787.
¶42 The alternative means of committing the crime of animal cruelty in the first degree are three in number. They are set out in subsections (1), (2), and (3) of former RCW 16.52.205. Each of these subsections begins with the words, *386 “A person is guilty of animal cruelty in the first degree when . . . .” In each subsection, thereafter follow the words describing the means set forth therein.
¶43 The error made in Peterson is that the court confused certain subalternatives (“means within a means”) for actual alternative means. The words set forth in subsection (2) (“starves, dehydrates, or suffocates”) are “means within a means.” The jury unanimity guaranty does not attach to these subalternatives.
¶44 Subsection (1), viewed broadly, criminalizes torturing animals. Subsection (2), viewed broadly, criminalizes withholding life’s necessities (air, food, water) from animals. Subsection (3) criminalizes sexual perversion with animals. These are the alternative means.
¶45 This court, in Peterson, got it wrong. The majority opinion perpetuates the error.
¶46 But a unanimous jury convicted the defendant based on the single means alleged—a violation of former RCW 16.52.205(2). Therefore, I concur in affirming the judgment.
Review denied at 189 Wn.2d 1004 (2017).

 The quoted section is the wording of RCW 16.52.205 that was in effect at the time of the offense. The section was amended in 2015. That amendment made no change of consequence to the quoted language.